**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 31, 2016[*]
Decided November 14, 2016

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-1743

| | |
|---|---|
| EMPEROR ELDER,<br> *Plaintiff-Appellant*,<br><br>  *v*.<br><br>THOMAS J. DART, et al.,<br> *Defendants-Appellees*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 14 C 6495<br><br>Thomas M. Durkin,<br>*Judge*. |

**O R D E R**

  Emperor Elder was arrested for failure to pay court-ordered child support and spent five days in the Cook County Jail where, he alleges, jail officials violated his constitutional rights by refusing to call him "Emperor," failing to provide him a copy of the Kybalion (a spiritual text), and denying him medical care. Elder brought this suit under 42 U.S.C. § 1983 against Cook County Sheriff Thomas Dart, the Cook County Sheriff's Office, and unnamed jail personnel. He received hundreds of pages of

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

documents in response to discovery requests, but failed to identify any defendant who was personally involved in the alleged constitutional violations. The district court granted summary judgment for the defendants, concluding that Elder produced no evidence that Sheriff Dart was personally involved in the conduct of which he complained, and that he could not proceed to trial against unnamed (and thus unserved) defendants. And, the court continued, Elder's claim against the Sheriff's Office failed because he did not establish the existence of an unconstitutional policy or practice, as required by *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

We affirm the judgment of the district court. Sheriff Dart cannot be held liable for the actions of his subordinates, given that he lacked personal involvement in any of the harm Elder alleged. *See Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008). Similarly, Elder's purported *Monell* claim against the Sheriff's Office fails because he submitted no evidence (nor did he articulate a plausible theory) to support his contention that an official custom or policy led to the deprivation of his rights. *See Dixon v. Cnty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016). And Elder's failure to identify and serve any defendant personally responsible for the conduct he challenges—despite having told the district court that all the discovery he sought had been provided—dooms his suit. *See Williams v. Rodriguez*, 509 F.3d 392, 402 (7th Cir. 2007).

AFFIRMED.